UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00095-RJC-DSC

| | |
|---|---|
| RAYMOND BENITEZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **ORDER** |
| THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, d/b/a Carolinas Healthcare System, d/b/a Atrium Health, | ) ) ) ) ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Renewed Motion for Judgment on the Pleadings. (Doc. No. 57.)

Plaintiff Raymond Benitez ("Plaintiff") initiated this action against Defendant Charlotte-Mecklenburg Hospital Authority ("Defendant") on February 28, 2018 with the filing of a Complaint. (Doc. No. 1.) Plaintiff's Complaint relies on an earlier action against Defendant, United States v. Charlotte-Mecklenburg Hosp. Auth., No. 3:16-cv-311 (W.D.N.C. June 19, 2016). In that case, the United States Department of Justice and the State of North Carolina (the "Governments") sought to enjoin Defendant from using unlawful contract restrictions that prohibit commercial health insurers in the Charlotte area from offering patients financial benefits to use less expensive healthcare services offered by Defendant's competitors (the "anti-competitive steering restrictions"). In this case, Plaintiff's central allegation, derivative from the Governments' suit, is that Defendant's anti-competitive steering restrictions drove up prices for inpatient services and thus inflated the amount of co-

insurance Plaintiff paid.  Plaintiff sought class-wide damages and injunctive relief under Section One of the Sherman Act, 15 U.S.C. § 1, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

On March 4, 2019, this Court entered an order, (Doc. No. 56), granting in part and staying in part Defendant's Motion for Judgment on the Pleadings.  The Court granted the motion as to Plaintiff's claim for monetary damages.  The Court stayed Plaintiff's claim for injunctive relief pending the resolution of the Governments' suit, recognizing that "Plaintiff's injunctive request is identical to the Governments' requested relief in the preexisting action currently pending in this Court.  Thus, the resolution of the Governments' preexisting suit would fully resolve the matters at issue in this case." (Doc. No. 56, at 13.)  This is precisely what occurred.

On April 24, 2019, the Court entered a Final Judgment in the Governments' suit, which included injunctive relief in which Defendant agreed not to enforce specified clauses in its agreements with Blue Cross Blue Shield of North Carolina—the health insurance carrier whose rates and agreement with Defendant the Plaintiff claimed violated the Sherman Act. (Doc. No. 58, at Ex. A.)

Defendant asserts that the Final Judgment in the Governments' suit renders Plaintiff's remaining claim for injunctive relief moot.  As evidenced by his Statement of Non-Opposition, Plaintiff does not oppose Defendant's Renewed Motion for Judgment on the Pleadings. (Doc. No. 59.)

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Judgment on the Pleadings, (Doc. No. 57), is **GRANTED**.  Plaintiff's claim for

injunctive relief is dismissed with prejudice. The Clerk of Court is directed to close this case.

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge